# EXHIBIT 1



### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

BRIAN JACOBSON et al
Vs.
INSUN S. HOFGARD et al

C.A. No.        2015 CA 003141 B

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL O'KEEFE
Date:  April 30, 2015
Initial Conference: 9:30 am, Friday, July 31, 2015
Location:  Courtroom A-47
            515 5th Street NW

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Brian Jacobson, et al.
_____
                                        Plaintiff

                    vs.                                    Case Number  2015 CA 003141 B

Insun S.Hofgard
_____
                                        Defendant
9385 Juhasz Drive
Great Falls, VA 22066                   **SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

Jonathan Zucker
_____             _Clerk of the Court_
Name of Plaintiff's Attorney
1350 Connecticut Ave, NW, Suite 202           By _____
                                                            Deputy Clerk
_____
Address
Washington, DC  20036
_____
    202-624-0784                               Date      04/29/2015
Telephone
如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오   ኦኃማርጎች ትርጉም ስ፪ማፕፕት (202) 879-4828 ይደውሉ

    IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____ Demandante

contra

Número de Caso: _____

_____ Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_SECRETARIO DEL TRIBUNAL_

_____
Nombre del abogado del Demandante

Por: _____
                          Subsecretario

_____
Dirección

Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시오       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

Filed
D.C. Superior Court
04/20/2015 15:30PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

BRIAN JACOBSON
238 Madison Street, NW
Washington, DC  20011

    and

BRANKO JOVANOVIC            Civil Action No. 2015 CA 003141 B
238 Madison Street, NW
Washington, DC 20011

                 Plaintiffs,

     v.

INSUN S. HOFGARD
9385 Juhasz Drive
Great Falls, VA  22066

    and

JEFFERSON S. HOFGARD
9385 Juhasz Drive
Great Falls, VA  22066

               Defendants.

**COMPLAINT**

Plaintiffs, Brian Jacobson and Branko Jovanovic, by undersigned counsel, sues the Defendants, Insun S. Hofgard and Jefferson S. Hofgard, and in support states as follows:

**JURISDICTION**

1

1.  This court has subject matter jurisdiction pursuant to the District of Columbia Code §11-921(a)(6) and personal jurisdiction over the defendants pursuant to District of Columbia Code, §§13-423(a)(1), (a)(3) and (a)(5).

## PARTIES

2.  Plaintiffs Brian Jacobson and Branko Jovanovic are residents of the District of Columbia.

3.  Defendants Insun S. Hofgard and Jefferson S. Hofgard are residents of the Commonwealth of Virginia.

## FACTS

4.  The defendants are in the business of purchasing residential properties in the District of Columbia, using unlicensed contractors to remodel the properties at nominal cost and reselling the properties for profits.

5.  On or about November 6, 2013 defendants purchased a townhouse property located at 238 Madison Street, NW, Washington, DC  20011 for the sum of $360,000.00.

6.  Under the direction of defendant Insun S. Hofgard, Julio Argueta of Argueta Construction extensively renovated the property.

7.  Neither Mr. Argueta nor Argueta Construction is licensed to perform home improvement work or any other construction services in the District of Columbia.

2

8.  Work was performed without obtaining required building permits, inspections or plan approvals by the District of Columbia.

9.  With defendants' knowledge and consent Argueta Construction's cut costs by performing substandard and defective work that for the most part was concealed, without inspection or approval, behind the finished floors and drywall.

10.  To increase resale value, a second kitchen, second laundry and additional bathroom were installed in the basement without regard to whether the existing sewer and water service was sufficient to support proper drainage from the home and without regard to zoning laws.

11.  The defective and substandard renovation work includes but is not limited to:

* improper framing construction;
* inadequate insulation throughout the home;
* defective construction of the heating and cooling system ductwork;
* unapproved and untested gas lines;
* improperly run electrical wiring;
* improperly installed plumbing;
* installation of an unapproved second kitchen;

12.  The defendants then advertised the home's "stunning renovation" that included a fully finished, improved, "English Basement set up with full kitchen."

13.  Plaintiffs viewed the property during an open house in the fall of 2014. They found the property ideal for their needs.  In particular, the finished basement was well suited for their plan to provide accommodations for live-in child care.

3

14.  In a disclosure statement dated October 20, 2014, defendants misrepresented or omitted material facts about which they had actual knowledge including but not limited to:

> *Defendants denied knowledge of the structural defects in the floors and walls.
> *Defendants omitted disclosure of the defective ductwork for the heating and cooling system.
> *Defendants denied knowledge of defects in the plumbing system
> *Defendants denied knowledge of defects in the electrical system.
> * Defendants denied knowledge of any zoning violation or nonconforming uses

15.  In reliance on these and other representations and omissions of material fact made by defendants and their agents, the plaintiffs contracted to purchase the Property on or about November 7, 2014 for the sum of $640,000.00.  The purchase was contingent on a home inspection.

16.  On or about November 18, 2014, following the home inspection of the unconcealed areas, the contract was amended to remove the contingency with defendants agreeing to repair/replace "in good workmanlike manner" by a District of Columbia licensed contractor prior to settlement 27 items identified by the home inspector.

17.  On November 26, 2014, at settlement, the contract was further amended to include that occupancy would be delayed until "final inspection and approval" by the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") that "will take place on or before December 11th, 2014."

4

18.  Plaintiff's occupied the property on or about December 12, 2014.  They soon began discovering serious defects.  The following is a summary of the some of the defects and repairs necessary to bring the property into compliance.

### Illegal basement kitchen

19.  On or about November 14, 2014, prior to closing on the property, DCRA inspector Don Van Leuven, found permit and building code violations including that an unapproved kitchen in the basement had been installed.

20.  Despite knowing that the second kitchen was illegal and having been ordered to remove the basement stove, defendants agreed on November 18, 2014 to "supply electricity to the basement stove" and at settlement on November 26, 2014 to install the basement stove in working order.

21.  On December 19, 2014, plaintiffs learned from a DCRA inspector that the basement kitchen violates zoning laws and would need to be removed.

### HVAC System

22.  Upon occupying the home, plaintiffs noticed that the new heating system was not supplying sufficient heat throughout the house.

23.  In January, 2015 a licensed contractor discovered that the ductwork throughout the house was so poorly constructed that the system could not maintain adequate control of the temperature on each floor of the house.   In February, 2015,

5

DCRA inspector Delaine Englebert confirmed that the ductwork was inadequately configured and executed with inadequate and inferior materials.

24. The contractor estimated that the cost to correct the defective ductwork is approximately $11,000.

## Inadequate Insulation

25. In January and February, 2015 pipes froze and burst flooding the basement level. Plaintiffs suspected that the home had not been adequately insulated.

26. A DCRA inspector confirmed through the use of thermal imaging that the insulation throughout the home was inadequate with key areas at the renovated basement exterior walls and the rear wall at the basement and first floor levels. The pipe that burst in February was located in an area identified as inadequately insulated.

## Defective Plumbing

27. On December 19, 2014 plaintiff's learned that defendants performed work without a plumbing permit and failed to obtain a rough plumbing inspection. After a leak appeared in the main floor half bathroom, it was discovered that the toilet had been improperly installed. As a result toilet water was seeping into the area below the toilet, saturating the insulation with contaminated water.

6

## Structural Defects

28.  Plaintiffs began noticing cracks in the walls and the baseboards separating from the floors.  After another DCRA inspection in February 2015, it was learned that that the floor joists do not have proper bearing, that defendants had placed a structural support with no proper attachments, and that roof joists had been cut to facilitate installation of skylights compromising the joist support.

## Electrical Defects

29.  Defendants performed work without a required electrical permit and failed to obtain an electrical rough inspection.  Plaintiffs subsequently learned that the electrical wiring was not installed through the framing and was not protected; lighting in the house is not UL-rated and not installed with junction boxes; kitchen receptacles were more than 24 inches apart; appliances were not isolated on their own circuits and there were no arc fault breakers for the bedrooms at the panel.

30.  As a result of defendants conduct, plaintiffs have had to open walls to facilitate inspection and discover the scope of the defects.  Plaintiffs have spent additional money on contractors and supplies to address some of the defective conditions.  Plaintiffs have lost the benefit of having live in child care due to the unfit nature of the basement unit.  Plaintiffs missed time from work and suffered income lost in order to be available for inspections and to address various issues about the defects.

7

## COUNT I
### (Consumer Protection Procedures Act)

31.  The plaintiffs incorporate by reference the allegations in paragraphs 1-30 above.

32. The defendants violated the Consumer Protection Procedures Act, D.C. Code § 28-3904 *et seq.,* by engaging in unlawful and deceptive trade practices. These practices include but are not limited to:

a. Defendants made misrepresentations as to material facts that have a tendency to deceive including advertising the property as "newly renovated," had an "English basement" with a "full kitchen" and that "final inspection and approval" by DCRA would occur on or before December 11, 2014.

b. Defendants failed to state material facts that tended to mislead plaintiffs including that renovation to the property was made by an unlicensed contractor, without proper building permits, had not been inspected prior to concealment and did not conform to zoning regulations.

c. Defendants represented that the Property had characteristics that it did not have including a full basement kitchen and represented that the Property was of a particular quality, totally renovated, when it was not.

33.  Plaintiff acted reasonably by relying on defendants' statements and advertisements that the property, having been "newly renovated" was in compliance with the building code and safety standards.  Plaintiffs were not aware

8

that the renovation had been made by an unlicensed contractor and without permits, inspections and approval by the District of Columbia.

34. These deceptions were material in that plaintiffs agreed to purchase the property at a significant price and would not have done so but for the deceptive advertising, statements and omissions of material fact.

## Count II
### (Fraudulent Misrepresentation)

35. The plaintiffs incorporate by reference the allegations in paragraphs 1 through 34 above.

36. The defendants and their authorized agents, asserted false representations of material fact to the Plaintiffs including but not limited to representations that the "English basement" included a full basement kitchen, that agreed upon repairs would be made by a licensed contractor, that the repairs would be performed in a good workmanlike manner and that the property would have DCRA's final inspection and approval prior to plaintiffs' occupancy.

37. The defendants knew the representations were false when they made them.

38. The defendants made the false representations and willfully omitted material facts for the purpose of inducing plaintiffs to contract to purchase the property, to remove the home inspection contingency, and to purchase the property.

9

39.  Plaintiffs relied with justification upon defendants' misrepresentations and willful omissions.

40.  Plaintiff suffered damages as a direct result of their reliance on the defendants' misrepresentation and omissions.

## COUNT III
### (Negligent Misrepresentation)

41.  The plaintiffs incorporate by reference the allegations in paragraphs 1 through 40 above.

42.  The defendants made false statements about the newly renovated nature of the property while knowing that all the work was performed by an unlicensed contractor, without permits, inspections or approval.  Defendants had a duty to disclose known defects and defendants' failure to do so was with willful blindness to, or reckless disregard for, the truth.

43.  Defendants' false statements and omissions involved material issues that plaintiffs reasonably relied upon to their detriment.

## Count IV
### (Breach of Contract)

44.  The plaintiffs incorporate by reference the allegations in paragraphs 1 through 43 above.

45.  On or about November 7, 2014 the parties entered into a contract with a home inspection contingency for the sale of the newly renovated Property.

10

46.  The contract required the defendants among other things to deliver the property with a full basement kitchen.

47.  On or about November 18, 2014, the contract was amended to remove the home improvement contingency upon defendants agreement to repair/replace "in good workmanlike manner" by a District of Columbia licensed contractor prior to settlement 27 items identified by the home inspector.

48.  The contract was further amended on November 26, 2014 to include the sellers' agreement to install the basement stove in working order before 5:00 pm on December 11, 2014 and to delay occupancy until DCRA's "final inspection and approval" which was to occur "on or before December 11[th] 2014" at which time, plaintiff could move in immediately.

49.  The defendants materially breach the contract by, among other things, failing to deliver the property with a full basement kitchen, failing to have the agreed upon repairs made by a District of Columbia licensed contractor, failing to make them in a good workmanlike manner, failing to install the stove in working order and failing to have DCRA's final inspection and approval prior to occupancy.

50.  Plaintiffs  have demanded that defendants correct these breaches but received no response.

### Count V
### (Breach of Covenant of Good Faith and Fair Dealing)

11

51.  The plaintiffs incorporate by reference the allegations in paragraphs 1 through 50 above.

52.  Every contract contains an implied covenant of good faith and fair dealing.

53.  Defendants violated their duty of good faith and fair dealing through the foregoing misrepresentations and omissions made before and after the sales contract was signed.

54.  These misrepresentations and omissions deprived plaintiff of the fruits of the sales contract by conveying a residence whose value was greatly diminished by concealed defects and nonconforming use.

## Count VI
### (Negligence)

55.  The plaintiffs incorporate by reference the allegations in paragraphs 1 through 54 above.

56.  The defendants owed the plaintiffs a duty of care to have the Property renovated by a licensed contractor in accordance with all applicable laws and industry standards before representing to the plaintiffs that the property had been totally renovated.

57.  The defendants owed the plaintiffs a duty to disclose all known defects at the Property.

12

58.  The defendants breached their duties of care by among other things failing to have the property renovated by a licensed contractor in accordance with all applicable laws and industry standards, failing to disclose structural defects in floors and roof joists, failing to disclose the HVAC system ductwork was not properly installed, failing to disclose that the walls were not adequately insulated, failing to disclose that the framing, electrical, plumbing and gas lines had not been inspected or approved and that the basement kitchen was illegal and could be used.

59.  The plaintiffs have suffered damages as a result of the defendants' conduct.

60.  The plaintiffs' damages proximately resulted from the defendants' breaches.

## Count VII
### (Unjust Enrichment)

61.  The plaintiffs incorporate by reference the allegations in paragraphs 1 through 60 above.

62.  Plaintiffs conferred a benefit upon the defendants by paying them $630,000 for the Property based on the defendants' representations that the Property was totally renovated from top to bottom and free of defects.

63.  In fact, the Property was not totally renovated and was laden with concealed defects to the framing, plumbing, electrical, gas, HVAC and other areas.

13

64.  It is unjust and unconscionable for the defendants to retain the money

paid by the plaintiffs above the defendants' original purchase price of $360,000.

WHEREFORE, Plaintiffs demand judgment against the defendants

jointly and severally and claims:

a)   An award of compensatory damages in the amount of  One Million
     Dollars ($1,000,000.00);
b)   treble damages;
c)   punitive damages;
d)   Reasonable attorney's fees;
e)   Costs of this lawsuit; and
f)   Any other relief that this Court deems just and proper.

Respectfully submitted,


_/s/ Jonathan Zucker_____
Jonathan Zucker, #384629
Patricia Daus, #412174
1350 Connecticut Avenue, NW
Suite 202
Washington, DC  20036
(202) 624-0784
jonathanzucker@aol.com
Counsel for Plaintiffs


**JURY DEMAND**

Plaintiff, by and through undersigned counsel, does hereby demand a trial by
jury of six (6) on all such issues so triable.

_/s/ Jonathan Zucker_____

14

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Brian Jacobson, et al.

Case Number: 2015 CA 003141 B

vs

Date: _____

Insun S, Hofgard, et al.

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* <br> Jonathan Zucker | Relationship to Lawsuit |
| Firm Name: | ☒ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.:          Six digit Unified Bar No.: <br> 202-624-0784            384629 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury     ☒ 6 Person Jury     ☐ 12 Person Jury

Demand: $    658,000.00                                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar#:_____

---

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**                                                    **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 07 Personal Property          ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty          ☐ 09 Real Property-Real Estate   ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 12 Specific Performance        ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees      ☐ 13 Employment Discrimination   ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure/Judicial Sale

**B. PROPERTY TORTS**

☐ 01 Automobile                  ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                  ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 09 Harassment                  ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 10 Invasion of Privacy              Not Malpractice)
☐ 03 Assault and Battery         ☐ 11 Libel and Slander           ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference      ☐ 19 Wrongful Eviction
☒ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution       ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 14 Malpractice Legal           ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                       ☐ 16 Negligence- (Not Automobile,   ☐ 23 Tobacco
                                      Not Malpractice)              ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Oct 14

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
      Under $25,000 Pltf.
      Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
      (DC Code § 11-941)

- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
      (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
      Vacate Arbitration Award
      (DC Code § 16-4401)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation
      Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation
      Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration
      Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation
      Over $25,000 Consent Denied

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
      Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
      Judgment [ D.C. Code §
      2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code §
      42-3301, et seq.)

- ☐ 21 Petition for Subpoena
      [Rule 28-1 (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1)
      (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____/s/ Jonathan Zucker_____
Attorney's Signature

_____4/29/2015_____
Date

CV-496/Oct 14

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Brian Jacobson et al.
_____
Plaintiff

**FILED**
**CIVIL ACTIONS BRANCH**
**MAY 0 7 2015**
Superior Court of the
District of Columbia
Washington, D.C.

Civil Action No.: 2015 CA 003141B

Vs.

Insun S. Hofgard
_____
Defendant

## AFFIDAVIT OF SERVICE BY PROCESS SERVER

I, _____Veronica Allen_____ having been duly authorized to make service of the Summons, Complaint and Initial Order in the above entitled case, hereby depose and say:

That my age and date of birth are as follows: __4 | 13 | 1957    58 yrs__

That the residential or business address is: __10707 Cedarwood Drive, Waldorf, Md__

That at __10.30__ o'clock (a.m) or p.m.) on the __3rd__ day of __May__ 20 __15__,

☐ I served the above named defendant _____ (defendant's name)

personally by leaving a copy of the Summons, Complaint and Initial Order at _____

☒ I served the above name defendant __Insun S. Hofgard__ (defendant's name) by leaving a copy of the Summons, Complaint, and Initial Order at his/her place of abode or business at __9385 Juhasz Drive, Great Falls, VA__ with __Jefferson S. Hofgard__ a person of approximately __45-50__ years of age who stated that he/she resides therein with the defendant.

If return receipt does not purport to be signed by the parties named in the Summons, then state specific facts from which the Court's can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4(e)(2).

**SPECIFIC FACTS:**
White male, Glasses, Approx 5'8", Approx 180lb, Reddish Hair
Answered door of the above address. I asked if
Insun was Home, he advised yes but unavailable

_____
Signature

Subscribed and sworn before me this __6__ day of __May__ 20 __15__.

_____
Notary/Deputy Clerk

CV-2094/Oct.98

A.G. QUEEN
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires April 14, 2020

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Brian Jacobson, et al
_____
                    *Plaintiff*

> **FILED**
> CIVIL ACTIONS BRANCH
> MAY 0 7 2015
> Superior Court of the
> District of Columbia
> Washington, D.C.

Civil Action No.: 2015 CA 00314 B

Vs.

Jefferson S. Hofgard
_____
                    *Defendant*

## AFFIDAVIT OF SERVICE BY PROCESS SERVER

I, ___Veronica Allen_____ having been duly authorized to make service of the
Summons, Complaint and Initial Order in the above entitled case, hereby depose and say:

That my age and date of birth are as follows: ___4|13|1957    58 yrs_____

_____

That the residential or business address is: __10707 Cedarwood Drive, Waldorf, MD__
That at __10.30__ o'clock (a.m.) or p.m.) on the __3rd__ day of __May__ 20 __15__,
☑ I served the above named defendant __Jefferson S. Hofgard__ (defendant's name)
personally by leaving a copy of the Summons, Complaint and Initial Order at __9385 Juhasz__
__Drive, Great Falls, Virginia_____
☐ I served the above name defendant _____ (defendant's name) by
leaving a copy of the Summons, Complaint, and Initial Order at his/her place of abode or business at
_____ with_____ a person of approximately
_____ years of age who stated that he/she resides therein with the defendant.

If return receipt does not purport to be signed by the parties named in the Summons, then state specific
facts from which the Court's can determine that the person who signed the receipt meets the appropriate
qualifications for receipt of process as required by SCR (Civil) 4(e)(2).
**SPECIFIC FACTS:**
White Male, Glasses, Approx 5'8, Approx 180 lbs
Answered Door of the above address. I asked if
he was Jefferson he answered yes, Approx 41-50 yrs sense    Veronica Allen
                                                                  Signature

Subscribed and sworn before me this __6__ day of __May__ 20 __15__

                                                    X_____
                                                    **Notary/Deputy Clerk**
                                                    A.G. QUEEN
                                                    NOTARY PUBLIC DISTRICT OF COLUMBIA
                                                    My Commission Expires April 14, 2020

CV-2094/Oct.08