UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIAN JACOBSON, et al.

                Plaintiffs,

v.                                        Case No. 1:15-cv-00764 (APM)

INSUN HOFGARD, et al.

                Defendants.

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, Brian Jacobson and Branko Jovanovic, by and through undersigned counsel, pursuant to LCvR 7(b), hereby submit this Opposition to Defendants' Motion to Dismiss. Because the complaint pleads facts with sufficient specificity as to state claims for each of the seven counts therein and because Rule 8 permits plaintiffs to plead alternative—and even contradictory—claims at this stage of the proceedings, plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss.

**Background**

After purchasing residential property from Insun Hofgard and Jefferson Hofgard ("Defendants") in November 2014, plaintiffs discovered that their home had been renovated by defendants without required building permits, inspections and was not in compliance with the District of Columbia building code or zoning laws. The defective conditions posed safety concerns and diminished the value of their home. Plaintiffs filed suit in the Superior Court for the District of Columbia. The complaint alleges claims for violating the District of Columbia Consumer Protection Procedure Act ("CPPA") (Count I), fraudulent misrepresentation (Count II), negligent misrepresentation (Count III),

breach of contract (Count IV), breach of the covenant of good faith and fair dealing (Count V), negligence (Count VI) and unjust enrichment (Count VII).

Defendants removed the case to federal court on diversity grounds and promptly moved to dismiss all counts. They attack the sufficiency of the Complaint by improperly drawing inferences in defendants' favor and imposing upon Plaintiffs a greater burden than is required under the notice pleading standards established by the Federal Rules.

### Legal Standards

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give a defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and must give the plaintiff the benefit of all inferences that can be derived from the facts alleged. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1113 (D.C.Cir. 2000).

The motion must be denied if plaintiff's claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. at 678. This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679.

### Argument

#### I. Plaintiffs State a Claim Under the District of Columbia Consumer Protection Procedure Act

Contrary to defendants' contention, plaintiffs' CPPA claims do not arise from "a simple breach of contract." Motion, p. 4. Rather, they arise from defendants' unfair and deceptive practices surrounding the advertising and sale of the property.[1] Specifically, Count I alleges that defendants violated the DC Consumer Protection Procedures Act by 1) making misrepresentations of material facts in advertising the property for sale and in a pre-contract disclosure statement 2) failing to state material facts that tended to mislead plaintiffs including that the renovations were made by unlicensed contractor, without proper building permits, had not been inspected prior to concealment and did not conform to zoning regulations and 3) represented that the property had characteristics that it did not have and was of a particular quality when it was not. Complaint ¶ 32.

### A. CPPA Claims Are Not Duplicative of Plaintiffs' Breach of Contract Claim

In attempting to equate plaintiffs' CPPA and breach of contract claims with those asserted by the plaintiff in *Slinski*,[2] defendants overlook key facts alleged in the complaint as well as the purpose of the CPPA. Motion, p. 4-6. In *Slinski*, the plaintiff contracted to purchase a condominium from Freddie Mac, which acquired the property in

---

[1] Plaintiffs are not the only victims defendants swindled with their "renovation" scams. See, *Headly v. Hofgard, et al*, 14-cv-0436 (EGS) and *Simon v. Hofgard*, et al., 2015 CA 003713 B (DC Superior Court) both of which involve similar home renovation scams perpetrated by the defendants. In *District of Colubmia v. Hofgard, et al*, 2015 CA 003354 B (DC Superior Court) the DC Attorney General has filed a Consumer Protection Action against the defendants for the same misconduct at issue in the instant case. That suit is based on the defendants having perpetrated the same scam against 15 homeowners since 2013. Complaint, at ¶ 12. Additionally, the defendants currently own and are renovating for sale at least 22 other properties in the District of Columbia. *Id.* at ¶13. Upon information and belief, there are other suits involving the same scam that will be filed shortly.

[2] *Slinski v. Bank of America, N.A.,* 981 F.Supp. 2d 19, 35 (D.D.C. 2013).

a foreclosure sale. Plaintiff applied to Bank of America for a home mortgage. While her mortgage application was pending, Freddie Mac sold the property to Bank of America. *Slinski v. Bank of Am., N.A.*, 981 F. Supp. 2d at 23. Plaintiff sued Freddie Mac for breach of contract as well as violation of the CPPA and defendant moved to dismiss.

After concluding that the plaintiff alleged a claim for breach of contract against Freddie Mac for failing to proceed to settlement, the court analyzed whether the complaint also alleged unfair trade practices under the CPPA.[3] The only false misrepresentation identified by plaintiff was Freddie Mac's signing of the contract of sale which, plaintiff claimed, represented its intention to sell the condominium to plaintiff when in fact Freddie Mac always intended to sell it to Bank of America.

The district court recognized the absence of case law on whether an intentional breach of this kind may also constitute an unlawful trade practice and attempted "to achieve the same outcome it believes would result if the District of Columbia Court of Appeals considered the question." *Id.* at 36. It concluded that the breach of contract was not punishable as an unlawful trade practice simply because the breach was intended when the contract was formed.[4] *Id.*

Unlike *Slinsk,* defendants here are not alleged to have misrepresented their intention to sell the property to plaintiffs. Plaintiffs' breach of contract claim goes to

---

[3] It an unlawful trade practice to "misrepresent as to a material fact which has a tendency to mislead." DC Code § 28-3904(e).

[4] Despite the ruling in *Slinski,* it is far from settled that an intentional breach of contract cannot also constitute an unfair trade practice. It has long been held that "[t]rade practices that violate other laws, including the common law, also fall within the purview of the CPPA." *District Cablevision Ltd. P'ship v. Bassin,* 828 A.2d 714, 722–23 (D.C.2003). Under the statute "trade practice" is defined quite broadly. D.C. Code § 28-3901.

4

violations of specific contract clauses not the complete failure to perform as in *Slinsk*. For example, the contract obligated defendants to install the basement stove in working order but as it turned out the basement kitchen was illegal. Complaint, at ¶20-21. The contract obligated defendants to make in a good workmanlike manner by a licensed contractor, 27 specified repairs noted by the home inspector. *Id.* at ¶16. Defendants, however, used unlicensed contractors who made defective repairs. *Id.* at ¶49. The contract obligated defendants to obtain inspection and approval by DCRA on or before December 11, 2014. *Id.* at ¶17. Defendants failed to do so. *Id.*at ¶ 48.

Plaintiffs' CPPA claims, on the other hand, concern defendants' representations and omissions that concealed the defective and substandard renovation work.[5] For example, the complaint alleges that defendants misleadingly advertised the property as "newly renovated," having an "English basement" with a "full kitchen." *Id.* at ¶32. The complaint also alleges that defendants misrepresented and omitted from an October 20, 2014 pre-contract disclosure statement their actual knowledge of specific conditions of the property upon which plaintiffs' relied in agreeing to purchase the property. *Id* at¶ 14-15. Plaintiffs further allege that defendants failed to state material facts that tended to deceive plaintiffs including that an unlicensed contractor made renovations, renovations were made without proper building permits, work had not been inspected prior to concealment and the renovations did not conform to zoning regulations. *Id*. at ¶ 32.

---

[5] Although not specifically alleged in the complaint, Defendants also violated §28-3904(dd) of the CPPA which provides that any violation of title 16 of the D.C. Municipal Regulations is to be considered a violation of the CPPA. The renovations at the property violated the District's Construction Code in violation of 16 DCMR § 3309.3 (2010), including over 24 violations documented by DCRA in a Notice of Infraction dated February 20, 2015.

5

The alleged false advertising, misrepresentations and omissions occurred *prior* to the formation of the contract. See, ¶ 12-15. Under the CPPA, advertising or offering goods or services without the intent to sell them as advertised or offered violates the CPPA. *Byrd v. Jackson*, 902 A.2d 778, 781 (D.C. 2006)(citing DC Code 28-3904(h)). Moreover, a merchant may not misrepresent "a material fact which has a tendency to mislead" or fail to state a material fact "if such failure tends to mislead." D.C.Code § 28–3904(e), (f).  A person bringing suit under subsections (e) and (f) "need not allege or prove intentional misrepresentation or failure to disclose to prevail on a claimed violation," *Grayson v. AT & T Corp.,* 15 A.3d 219, 251 (D.C.2011).  D.C.Code § 28–3904(f) and claims are "properly considered in terms of how the practice would be viewed and understood by a reasonable consumer." *Pearson v. Chung,* 961 A.2d 1067, 1075 (D.C.2008).

A reasonable consumer would assume that a "newly renovated" home had been renovated in compliance with existing codes, that the work was done by licensed contractors pursuant to permit. It is implicit that the renovation was done lawfully. A reasonable consumer would assume that the renovated plumbing, electrical and heating/cooling systems were in compliance with the District of Columbia's building code.  They would not assume that newly renovated walls, floors and ceilings deliberately concealed that the structure had been dangerously compromised by unqualified worker using shoddy materials and renovations that were code violations. They would not assume that behind the recently renovated walls were recently renovated plumbing, electrical and heating/cooling systems that were not in compliance with the District of Columbia's building code and were concealed safety hazards.  They would not

6

assume that subsequent to purchase a DCRA inspector would find that virtually all the renovation work was in violation of code, would all have to be redone and replaced. A reasonable consumer would assume that if a newly renovated house was advertised as having an "English basement - a separate living unit with a full kitchen" that the kitchen installation was lawful.

One of the purposes of the CPPA is to "assure that a just mechanism exists to remedy *all* improper trade practices and deter the continuing use of such practices." D.C.Code § 28–3901(b)(1) (2012 Supp). The complaints' allegations are classic unfair and deceptive trade practices.

### B. The Complaint Sufficiently Pleads A Claim Under the CPPA

Defendants also seek dismissal under Rule 9(b). Motion, p. 6. As an initial matter, plaintiffs do not concede that Rule 9(b) applies to CPPA claims. Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[6] Fed.R.Civ.P. 9(b). Unfair and deceptive trade practices are broader than fraud and do not require the same essential elements of intent or reliance. Because the historical rationales for requiring particularity for claims of fraud do not apply to deceptive trade practices, most federal courts reject the notion that Rule 9(b) applies to allegations of unfair and deceptive trade practices. *See, Pelman ex rel. Pelman v. McDonald's Corp.,* 396 F.3d 508, 511 (2d Cir.2005) (New York Consumer Protection Act); *F.T.C. v. Security Rare Coin & Bullion Corp.,* 931 F.2d 1312, 1316 (8th Cir.1991) (unfair and deceptive trade practice under the

---

[6] Defendants correctly note that one judge of this court has determined that Rule 9(b) applies to CPPA claims. *Witherspoon v. Philip Morris, Inc.,* 964 F.Supp. 455, 464 (D.D.C.1997).

7

Federal Trade Commission Act); *CBP Res., Inc. v. SGS Control Servs., Inc.*, 394 F. Supp. 2d 733, 739 (M.D.N.C. 2005); *John P. Villano Inc. v. CBS, Inc.,* 176 F.R.D. 130 (S.D.N.Y.1997) ("[N]othing in the language or history of Rule 9(b) suggests that it is intended to apply, willy-nilly, to every statutory tort that includes an element of false statement.")

Even if Rule 9(b) applies, defendants incorrectly claim that the complaint is deficient because it refers to defendants "as a group" without "specific allegations as to either Defendant individually." Motion, p. 6. Defendants, however, cite only to one distinguishable case in support of that position. *Anderson v. USAA Cas. Ins. Co.,* 221 FRD 250, 254 (D.D.C. 2004).

The plaintiff in *Anderson* sued eight corporate defendants after purchasing a condominium without disclosure of a mold problem.[7] The complaint's only specific allegation with respect to defendant TEG was that it was hired by the condominium developer to perform mold remediation services in the building including in plaintiff's unit and that it opened floors, walls and ceilings in surrounding units. The complaint further alleged that "defendants, as a group," failed to disclose that toxic mold had been uncovered in many parts of the condominium residences and failed to warn plaintiff of the health risks associated with mold contamination in her unit and in the surrounding condominium units.

---

[7] The defendants in that case were Millennium Partners LLC, Millennium Partners Management LLC, Millennium Manager I, Inc., and Millennium Partners Washington Properties Management LLC as well as 2200 M Street, LLC, USAA Casualty Insurance Company, NuChemCo, Inc., and The Environmental Group, Inc. ("TEG"). See, *Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 307 (D.D.C. 2003)

The court concluded that while the complaint was sufficient to notify TEG of plaintiffs' allegation that it made a material misrepresentation or omission on which the plaintiff detrimentally relied, it fell short of the heightened pleading requirement by failing to allege any specific allegations as to defendant TEG's conduct that would support the gravamen of her negligent misrepresentation claim. *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 255 (D.D.C. 2004). The court granted TEG's motion to dismiss with leave to amend.

As in *Anderson,* the instant complaint sufficiently notifies both defendants that they made material misrepresentations or omissions on which the plaintiffs' relied. Unlike *Anderson*, however, the complaint also pleads specific allegations of their conduct that supports the gravamen of the CPPA violations.

The complaint alleges that defendants misleadingly advertised their property as "newly renovated" having an "English basement" with a "full kitchen" that led plaintiffs to view it at an open house in the fall of 2014. Complaint, at ¶12-13, 32.c. Both defendants in a disclosure statement dated October 20, 2014, misrepresented or omitted material facts about their knowledge of the defective structure, electrical, plumbing, heating/cooling systems as well as zoning violation. *Id.* at ¶ 14, 15. Both defendants, in amending the contract on November 26, 2014, misrepresented that DCRA approval would occur on or before December 11, 2014. *Id.* at ¶17, 32. Accordingly, the complaint allegations satisfy Rule 9(b).[8]

---

[8] Even if the complaint is deemed insufficient under Rule 9(b), Defendants incorrectly suggest that dismissal should be with prejudice. *Intelsat USA Sales Corp. v. Juch-Tech, Inc.*, 24 F. Supp. 3d 32, 39 (D.D.C. 2014)(citing *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C.Cir.1996))(if pleading fails to satisfy the heightened requirements of Rule 9(b) courts should freely grant leave to amend).

## II. Plaintiffs State a Claim for Fraudulent Misrepresentation

### A. Plaintiffs Have Alleged A Factual Basis Separate from the Contract

Defendants claim that the complaint does not state a cause of action for fraud because "there is no factual basis or duty independent of the parties' Contract." Opp. 7. Defendants, however, ignore the factual allegations in the complaint that distinguish it from *Plesha v. Ferguson* upon which it relies. In *Plesha,* the plaintiff, a lobbyist, contracted to provide lobbying services for defendant. Plaintiff's claim of fraudulent misrepresentation involved defendant's promises to pay and late payments under the contract. Both the breach of contract and fraud arose out of the same conduct. *Plesha v. Ferguson*, 725 F. Supp. 2d 106, 113 (D.D.C. 2010).

In contrast here, there are allegations of misrepresentations that precede the formation of the contract and are alleged to have induced plaintiffs to contract to purchase the property. Complaint, at ¶ 15. For example, ¶12 alleges that the property was advertised as "newly renovated" having an "English basement" with a "full kitchen." The Complaint additionally alleges that defendants' pre-contract disclosure statement dated October 20, 2014 misrepresented and omitted material facts. *Id.* at ¶14

In that statement defendants denied actual knowledge of structural defects in the floors and walls; denied actual knowledge of defects in the plumbing system; denied actual knowledge of defects in the electrical system; omitted knowledge of defective heating/cooling ductwork, and denied actual knowledge of any zoning violation or nonconforming uses. *Id.* These misrepresentations do not give rise to a breach of contract

claim because they were not contractual promises but were made as part of a pre-contract disclosure.[9]

Additionally, in contrast to the plaintiff in *Plesha,* the complaint properly alleges fraudulent misrepresentation based on contractual promises that defendants had no intent of carrying out.[10] The District of Columbia has long held that "[a] promise or contractual commitment may be actionable as fraud (misrepresentation) if at the time of its making, the promisor had no present intention of carrying it out." *Virginia Acad. of Clinical Psychologists v. Group Hospitalization & Med. Servs.,* 878 A.2d 1226, 1234 (D.C.2005)). Judges of this Court have also denied motions to dismiss fraud claims based on this theory of promissory fraud. See, *Jefferson v. Collins*, 905 F. Supp. 2d 269, 283 (D.D.C. 2012)(plaintiff alleged that defendant promised to make certain repairs to the property which they did not intend to make); *McWilliams Ballard, Inc. v. Level 2 Dev.*, 697 F. Supp. 2d 101, 108 (D.D.C. 2010)(defendants induced plaintiffs into making a loan that they never intended to repay). Accordingly, plaintiffs have alleged a factual basis for fraudulent misrepresentation separate from the breach of contract.

**Plaintiff sufficiently alleged what was
Given Up or Retained As a Consequence of the Alleged Fraud**

Defendants claim that the complaint should be dismissed because it does not sufficiently plead what was retained or given over and above plaintiffs' contractual

---

[9] DC Code §42-1302 requires sellers to sign and deliver to the prospective transferee prior to execution of a purchase agreement certain disclosures of actual knowledge regarding the property.

[10] The Complaint alleges that defendants induced them into removing the home inspection contingency by promising to have specified repairs made by a licensed contractor and in good workmanlike manner when they intended to use their unlicensed contractor who performed substandard and defective work. Complaint, ¶7, 9, 36-38.

disappointment. Motion, p. 8. Contrary to defendants' contention, the complaint alleges that defendants' misrepresentations and omissions induced plaintiffs to contract to purchase the property and to purchase the property for $ 640,000. Complaint at, ¶15, 38. The complaint also alleges that after occupying the property plaintiffs learned of numerous defects that violated of the building code and an illegal basement kitchen. *Id.* at ¶11, 19-29. As a result of the plaintiffs' reliance on defendants' misrepresentations and omission, plaintiffs purchased property that was not as valuable as they believed it would be. Similar allegations were held sufficient to state a claim for fraud, "even under the heightened pleading standards required by Rule 9(b) of the Federal Rules of Civil Procedure." *Parr v. Ebrahimian*, 774 F. Supp. 2d 234, 240 (D.D.C. 2011).

### Plaintiffs' Claim Satisfies the Particularity Requirement

Defendants contend that the complaint should be dismissed under Rule 9(b) because it fails to allege the individuals involved in the fraud. Motion, p. 9. While Rule 9(b) requires more particularity than Rule 8, it does not completely vitiate the liberality of Rule 8. *United States v. Kellogg Brown & Root Servs., Inc.*, 800 F. Supp. 2d 143, 151-52 (D.D.C. 2011)(internal quotations and citation omitted). The purpose of Rule 9(b) "is to ensure that defendants have sufficient notice of the claims against them to prepare a defense." *Id.*

By use of the plural form of the word defendant, the complaint alleges that *both* defendants are in the business of buying, renovating and reselling property in the District of Columbia, both defendants misleadingly advertised the property at 238 Madison Street, NW. Complaint, ¶4-5,12. Additionally, both defendants provided a disclosure statement dated October 20, 2014 that included false representations and omission that

plaintiffs' relied upon in executing the purchase agreement on November 7, 2014. Complaint, ¶ 14-15. Accordingly, the particularity requirement is satisfied.

### III. The Complaint States a Claim for Negligent Misrepresentation

#### A. Complaint Alleges Sufficient Factual Basis for Claim of Negligent Misrepresentation

For the same reasons that the complaint alleges a sufficient factual basis separate from the contract for fraudulent misrepresentation, it sufficiently alleges facts separable from the contract. Defendants' owed plaintiffs a duty to use reasonable care to not disseminate false or misleading advertising and in making the required disclosures of their actual knowledge of the property under DC Code 42-1302. Accordingly, defendants' motion seeking dismissal with prejudice should be denied.

#### B. Complaint Sufficiently Pleads Particularity

Defendants claim that the complaint fails to satisfy the heightened pleading requirement of Rule 9(b). Motion, p. 9-10. Rule 9(b), however, does not govern negligent misrepresentation claims. *See, CNH Am. LLC v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.,* 645 F.3d 785, 794 (6th Cir.2011) (negligent-misrepresentation claim could survive under "the modest notice-pleading requirements of Civil Rule 8(a)"); *and Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP,* 475 F.3d 824, 833 (7th Cir.2007) (holding that negligent misrepresentation claim was "*not* governed by the heightened pleading standard of Rule 9(b);" *Gen. Elec. Capital Corp. v. Posey,* 415 F.3d 391, 395–96 (5th Cir.2005)(concluding that negligent representation claim needs only to satisfy rule 8(a)'s notice pleading standard); *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1104–05 (9th Cir.2003) ("Allegations of non-fraudulent conduct need satisfy only the ordinary notice

13

pleading standards of Rule 8(a)."); *Bailey v. Deutsche Bank Trust Co.*, No. CIV.A. DKC 13-0144, 2013 WL 2903498, at *5 (D. Md. June 12, 2013)(Plaintiff's negligent misrepresentation claims are not subject to the Rule 9(b) standard.); *Carl Kelley Const. LLC v. Danco Techs.,* 656 F.Supp.2d 1323, 1346 (D.N.M.2009)(unlike with fraudulent misrepresentation, rule 8's notice pleading standard governs [negligent misrepresentation] count.")

Even if Rule 9(b) applies, the complaint alleges specifically that both defendants advertised their property as having an English basement with full kitchen which was viewed by plaintiffs in the fall of 2014. Complaint, at ¶ 12-13. The complaint further alleges that defendants misrepresented and omitted material facts in a disclosure statement dated October 20, 2014 including denying knowledge of the structural defects in the floors and walls, omitting disclosure of defective ductwork, denying knowledge of defects in the plumbing and electrical systems and denying knowledge of any zoning violation or nonconforming use. *Id.* at ¶ 14. Plaintiff's relied on those misrepresentations and omissions in contracting to purchase the property. *Id.* at ¶15. Not only does the complaint put each defendant on notice that they made material misrepresentations upon which plaintiffs detrimentally relied, but it specifically provides the content of the misrepresentations and omission and the time they were made.

### V. Complaint States a Claim for Breach of Contract

Defendants contend that plaintiffs' claim for breach of contract must be dismissed because the Complaint fails to allege how Plaintiffs' were damaged as a result of the alleged breach (or whether they were damaged at all)." Opp., p. 10. Breach of contract damages include "(a) the loss in the value to him of the other party's performance caused

14

by its failure or deficiency, plus (b) any other loss, including incidental or consequential loss, caused by the breach, less (c) any cost or other loss that he has avoided by not having to perform." Restatement (Second) of Contracts § 347 (1981).

The complaint alleges that plaintiffs have spent money on contractors and supplies to address some of the defects in the property. Complaint, at ¶ 30. They have lost the benefit of having live-in child care because without a kitchen the basement cannot be used as a separate living unit. *Id.* Plaintiffs missed time from work and suffered a loss of income in order to address the defects in the property. *Id.* Plaintiffs have thus adequately alleged injury for breach of contract.

### IV. The Complaint States a Claim for Breach of the Covenant of Good Faith and Fair Dealing

For a complaint to state a cause of action alleging breach of the covenant of good faith and fair dealing, "the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff." *Intelsat USA Sales Corp. v. Juch-Tech, Inc.*, 24 F. Supp. 3d 32, 43 (D.D.C. 2014). The implied covenant is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive the benefits under the agreement. *Id.* If a party evades the spirit of the contract, willfully renders imperfect performance, he or she may be liable for breach of the implied covenant of good faith and fair dealing. *Sundberg v. TTR Realty, LLC,* 109 A.3d 1123, 1133 (D.C. 2015).

The District of Columbia Court of Appeals has made clear that a seller or realtor can violate the covenant of good faith or fair dealing based on misrepresentations or

15

omissions that occurred after the sales contract is signed but before the parties transfer title.  *Sundberg v. TTR Realty, LLC*, 109 A.3d at 1134.

> [H]ad appellees made fraudulent or negligent misrepresentations or omissions concerning the structural conditions of the property to be purchased by appellants, or concerning some other condition explicitly set forth in the sales contract, such misrepresentations or omissions may have given rise to a cause of action for violating the covenant of good faith and fair dealing, even if the misrepresentations or omissions occurred in the time period between the signing of the contract and the transfer of title.

*Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1134 (D.C. 2015).

Here, plaintiffs allege that the defendants made misrepresentations and omissions when it amended the contract on November 26, 2014, the date of settlement, to provide that the DCRA inspection and approval will occur on or before December 11, 2014 and that they would install the basement stove in working order.  Complaint, at ¶ 17, 20.  The complaint also alleges that a prior inspection on November 14, 2014 found permit and building code violations including that the kitchen was illegal and that the inspector ordered the removal of the basement stove.  *Id*. at ¶ 19, 20.  Thus, while the defendants performed their primary contractual obligation by transferring title to plaintiffs, the complaint sufficiently alleges that they evaded the spirit of the contract and willfully rendered imperfect performance of the November 26, 2014 amendment by conveying a residence whose value was greatly diminished by concealed defects and nonconforming use and that could not obtain approval by DCRA.  *Id.*  ¶ 54.

## Complaint States a Claim for Unjust Enrichment

Defendants contend that plaintiffs claim for unjust enrichment must be dismissed at this stage of the proceeding because plaintiffs have also alleged the existence of an expressed contract.  *Motion,* p. 12.  Plaintiffs do not dispute that under District of

16

Columbia law unjust enrichment "presuppose that an express, enforceable contract is absent." *Plesha v. Ferguson,* 725 F.Supp.2d 106, 112 (D.D.C.2010).

Under the Federal Rules of Civil Procedure, however, a plaintiff may plead alternative theories of recovery. *See* Fed.R.Civ.P. 8(d). Courts in this District have found that a plaintiff should be permitted to plead both breach of contract and unjust enrichment as alternative theories. *The Scowcroft Grp., Inc. v. Toreador Res. Corp.*, 666 F. Supp. 2d 39, 44 (D.D.C. 2009); *McWilliams Ballard, Inc. v. Broadway Mgmt. Co.,* 636 F.Supp.2d 1, 9 n. 10 (D.D.C.2009) (finding that while "plaintiff ultimately cannot recover under both a breach of contract claim and an unjust enrichment claim pertaining to the subject matter of that contract ... at [the pleadings stage], plaintiff's unjust enrichment claim is an alternate theory of liability which it may pursue"); *Nevius v. Afr. Inland Mission Int'l,* 511 F.Supp.2d 114, 122 n. 6 (D.D.C.2007) (finding that, in light of Federal Rule of Civil Procedure 8(d), "[t]he court is not persuaded ... that [Plaintiff] cannot allege an express contract while asserting a claim for unjust enrichment, a remedy designed for the absence of a contract").

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that Defendants' Motion to Dismiss with prejudice be denied and that plaintiffs be granted leave to amend any count that the court determines fails to provide defendants sufficient notice of plaintiffs' claims.

Respectfully submitted,

  /s/ Jonathan Zucker
Jonathan Zucker, #384629
Patricia Daus, #412174
1350 Connecticut Avenue, NW
Suite 202
Washington, DC  20036
(202) 624-0784

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on this 12th day of June, 2015, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system that will provide notice of the filing to the following registered users:

A. Scott Bolden
Michael B. Roberts
REED SMITH, LLP
1301 K Street, NW
Suite 1000-East Tower
Washington, DC  20005

  /s/ Jonathan Zucker
Jonathan Zucker