**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **BRIAN JACOBSON** *et al.* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )   **Case No. 1:15-cv-00764** |
| | )   **Hon. Amit P. Mehta** |
| **INSUN S. HOFGARD** *et al.* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

_____

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, Insun S. Hofgard and Jefferson S. Hofgard, by counsel, reply as follows to Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp."):

## INTRODUCTION

As discussed in Defendants' Memorandum in Support of its Motion to Dismiss ("Motion" or "Mot."), Plaintiffs' Complaint is legally insufficient and should be dismissed. Plaintiffs' Opposition fails to refute the substance of Defendants' arguments, relying instead on new allegations, unsupported statements, and out-of-jurisdiction authority that conflicts with binding case law in the District in an attempt to distract the Court from the defects in the Complaint.  As discussed in the Motion, Plaintiffs claims – if any – must be based on the contract with the Defendants (though Plaintiffs fail to allege a viable claim for breach of contract) and the half-dozen other claims based on alleged misrepresentations and negligence must be rejected.  This is an obvious example of a plaintiff attempting to turn a contract claim into a multi-tort claim and to assert inapplicable remedies that were not bargained for. Accordingly, for the reasons discussed in Defendants' Motion and further noted below, Plaintiffs' Complaint should be dismissed with prejudice.

## ARGUMENT AND AUTHORITIES

**1.**     **Plaintiffs Do Not Dispute Their Failure To State A Claim For Negligence And Concede That Count VI Must Be Dismissed With Prejudice.**

Plaintiffs do not dispute or even respond to Defendants' motion to dismiss Count VI in their Opposition.  The law is well settled that "when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case." *Lockhart v. Coastal Intl. Security, Inc.*, 905 F. Supp. 2d 105, 118 (D.D.C. 2012) (citation and internal quotation marks omitted); *see also Toms v. Office of the Architect of the Capitol*, 650 F. Supp. 2d 11, 18-19 (D.D.C. 2009) (noting that "when the plaintiff is represented by counsel, [a court] may consider as conceded any arguments raised by a defendant's Rule 12(b)(6) motion that are not addressed in a plaintiff's opposition."); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) (dismissing as conceded certain counts, noting that "[t]he court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter those in the motion to dismiss.").  Therefore, the Court should dismiss Count VI with prejudice as conceded by Plaintiffs.

**2.**     **Plaintiffs' Opposition Fails to Demonstrate That Their CPPA Claim Is Anything More Than A Breach Of Contract Claim In Disguise.**

As discussed in Defendants' Motion, the *Slinski* case is on all fours with the present case and holds that a CPPA claim based on the same misrepresentations underpinning a breach of contract claim cannot survive a motion to dismiss.  *Slinski v. Bank of America, N.A.*, 981 F. Supp. 2d 19 (D.D.C. 2013).  In a failed attempt to distinguish this case, Plaintiffs offer the meaningless distinction that the alleged breach of contract underlying the CPPA claim in *Slinski* involved a misrepresentation concerning an "intention to sell the property to plaintiffs," while the alleged breach underlying the CPPA claim in the present matter "goes to violations of specific

2

contract clauses."  Opp. at 4-5.  The point of *Slinski* is that a CPPA claim cannot be based on

obligations set forth in a contract.  This legal principle applies with even more force here because

Plaintiffs' CPPA allegations relate to multiple alleged violations of the contract between the

parties that form the basis of Plaintiffs' breach of contract claim emphasizing the duplicative

nature of the two causes of action.

Plaintiffs also argue that "[t]he alleged false advertising, misrepresentations and

omissions occurred *prior* to the formation of the contract."  Opp. at 6.  Once again, Plaintiffs

offer a distinction that is of no consequence.  The parties' Regional Sales Contract ("Contract")

(attached as **Exhibit 1**),[1] contains an integration clause establishing that the Contract "contains

the final and entire agreement of the parties and the parties will not be bound by any terms,

conditions, oral statements, warranties or representations not herein contained."  Ex. 1, p. 7.  As

a result, the only relevant statements and representations are those contained in the Contract

itself – alleged misrepresentations prior to contract formation are irrelevant.  *See Muldrow v.*

*EMC Mort. Corp.*, 444 Fed. Appx. 455, 456 (D.C. Cir. 2011) (in the context of a CPPA claim,

alleged misrepresentations prior to contract formation deemed irrelevant by virtue of contract's

integration clause).  Absent an allegation that a pre-contractual representation was omitted from

the contract by fraud, the Contract's integration clause bars Plaintiffs' claims.  *In re U.S. Office*

*Products Co. Securities Litigation*, 251 F. Supp. 2d 77, 102 (D.D.C 2003) ("Unless the plaintiffs

allege that the representation omitted from the contract was omitted by fraud, mistake or

accident, an integration clause bars representations not contained in the contact even when the

---

[1] The Court's consideration of the parties' Contract, which forms the basis of, and is integral to, Plaintiffs'
Complaint, is proper for purposes of Defendants' Motion to Dismiss.  *See U.S. ex rel. Folliard*, 722 F. Supp. 2d 20,
24 (D.D.C. 2010) ("In determining whether a complaint fails to state a claim, courts may consider only the facts
alleged in the compliant, any documents either attached to or incorporated in the complaint, matters which courts
may take judicial notice, and documents appended to a motion to dismiss and whose authenticity is not disputed if
they are referred to in the complaint and are integral to a [plaintiff's] claim.") (citations omitted) (internal quotation
marks omitted).

plaintiffs allege fraudulent inducement to enter the contract.") (citations omitted).  There are no such allegations in the Complaint.

In addition to these unhelpful distinctions, Plaintiffs improperly assert a new basis for a CPPA claim that Plaintiffs did not plead in the Complaint.  Plaintiffs incorrectly claim that Count I "specifically" alleges that Defendants violated the CPPA by "making misrepresentations of material facts . . . *in a pre-contract disclosure statement.*"  Opp. at 3.  But Count I makes no such allegation.  *See* Compl. ¶¶ 32-34.  To the contrary, Plaintiffs' negligence claim (which should be dismissed with prejudice as conceded, *see* Part 1 *supra*), is the only claim relying on the pre-contract disclosure statement ("Disclosure Statement").  Compl. ¶¶ 57-58.  Plaintiffs' description and attempt to re-plead their CPPA claim cannot be reconciled with the allegations in their own Complaint.

Moreover, reliance on the Disclosure Statement (attached to the parties' Contract at Ex. 1) cannot save Plaintiffs' CPPA claim even if such a basis were set forth in the Complaint.  The Disclosure Statement, entitled "Seller's Property Condition Statement" establishes that Defendants disclosed only "defects or information *actually known* by [Defendants]," and with regard to such disclosures, Defendants "do[] not possess an expertise in construction, architecture, engineering, or any other specific area related to the construction of the improvements on the property."  Ex. 1 at Seller's Disclosure Statement, p. 3 (emphasis added). Furthermore, the Disclosure Statement informs Plaintiffs in no uncertain terms that Defendants have "not conducted any inspection of generally inaccessible areas" while making clear the disclosure "IS NOT A WARRANTY OF ANY KIND" and "IS NOT A SUBSTITUTE FOR ANY INSPECTIONS OR WARRANTIES THE [PLAINTIFFS'] MAY WISH TO OBTAIN." *Id.*  Based on the terms of the Disclosure Statement, Defendants made no representations (a) with

regard to matters of which they had no actual knowledge; (b) requiring any construction-related expertise; or (c) involving inspection of generally inaccessible areas.

In spite of the language of the Disclosure Statement, Plaintiffs make a conclusory allegation that in the Disclosure Statement, Defendants "misrepresented or omitted material facts about which they had actual knowledge." Compl. ¶ 14. However, as Plaintiffs' recognize through their own allegations, the alleged defects pertain to matters clearly requiring construction expertise and inspection of generally inaccessible areas. Compl. ¶¶ 14, 26 (detection of "structural defects" in inaccessible floors and walls requiring "thermal imaging" by DCRA inspector); ¶¶ 14, 22 (expertise of licensed contractor and DCRA inspector necessary to "discover" ductwork not properly constructed); ¶¶ 14, 27 (alleging "defective plumbing" evidenced by "improperly installed" toilet and water seeping into inaccessible area "below the toilet"); ¶¶ 14, 29-30 ("electrical wiring was not installed through the framing" behind the walls); ¶ 30 (requiring "open[ing] walls to facilitate inspection and discover the scope of the [alleged] defects"). Plaintiffs further allege the purportedly defective work was generally "concealed" and "behind the finished floors and drywall." Compl. ¶ 9.

Further, Plaintiffs fail to disclose that with regard to at least two of these items, Defendants clearly made no representation whatsoever. *See* Ex. 1, p. 4 (no representations regarding heating system), p. 5 (no representations regarding plumbing system).[2] Based on Plaintiffs' allegations in the Complaint and the Disclosure Statement upon which Plaintiffs now purport to rely, even if Plaintiffs attempt to plead a CPPA claim based on the Disclosure Statement, such a claim clearly could not survive a motion to dismiss.

---

[2] In addition, Plaintiffs' bald statement that Defendants "denied knowledge of any zoning violation or nonconforming use," without factual allegations as to what any such problems were, does not state a cause of action. *Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1134, n.5 (D.C. 2015) (a plaintiff's unsubstantiated statement alone as to an alleged zoning violation or nonconforming use lacks a sufficient factual foundation to state a claim).

Plaintiffs have failed to state a claim under the CPPA, and Count I should be dismissed with prejudice.

### 3. Plaintiffs Ignore The Applicability of Rule 9(b) To Their CPPA Claim But Admit Their Failure To Comply With Its Requirements.

Plaintiffs dedicate much of the argument in their Opposition contending that they can accuse the Defendants of fraud, and can call them "swindlers," but are not required to meet the heightened pleading standard under Rule 9(b) to state a claim under the CPPA.  Plaintiffs are flat wrong and fail to cite any authority from this jurisdiction suggesting that Plaintiffs' indiscriminate allegations and slanderous statements need not be based on the facts required by Rule 9(b).  *See* Opp. at 7-8.  To the contrary, the law of the District is well-established that allegations of CPPA violations must comply with Rule 9(b) and must be pleaded with particularity because they are analogous to and indistinguishable from traditional allegations of fraud.  Mot. at 6 (citing cases).

To comply with Rule 9(b), a Complaint alleging fraud "must 'state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud.'" *Slinski*, 981 F. Supp. 2d at 32 (quoting *United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004)).  A "plaintiff must also 'identify individuals allegedly involved in the fraud.'" *Id*. (quoting *Williams*, 389 F.3d at 1256).  In addition to ensuring defendants have sufficient information to prepare a response, this heightened pleading standard "'discourages the initiation of suits brought solely for their nuisance value, and safeguards potential defendants from frivolous accusations of moral turpitude.'" *Id*. (quoting *Williams*, 389 F.3d at 1256).

While denying Rule 9(b)'s applicability, Plaintiffs seemingly recognize that *Anderson v. USAA Cas. Ins. Co.*, 221 F.R.D. 250, 254 (D.D.C 2004), prohibits blanket assertions that a group

6

of defendants collectively misrepresented or withheld material facts.  Opp. at 9.  Plaintiffs then direct the Court to a handful of allegations supposedly applicable to "both defendants" to show compliance with the pleading requirements.[3]  *Id.*  But merely attributing conduct to "both" or "all" defendants cannot state a claim against either of them.  *See, e.g., Diaby v. Bierman*, 795 F. Supp. 2d 108, 113 (D.D.C. 2011) (dismissed a complaint that referred to "defendant" in the singular form but failed to specify which defendant was being referenced, because "[w]ithout more detail the Court cannot infer more than the mere possibility of misconduct, and the complaint does not provide the notice required under the Federal Rules") (citing *Iqbal*, 129 S.Ct. at 1950); *see also Johnson v. Dore*, No. RWT–12–3394, 2013 WL 5335626, at *4 (D. Md. Sept. 20, 2013) (granting Rule 12(b)(6) motion to dismiss claims as to two defendants because the "Complaint d[id] not include any allegations concerning [those defendants] to support a plausible claim against them" but rather "repeatedly refer generally to 'Defendants,' without identifying specific Defendants or conduct").

Nor can such general allegations rise to the level of particularity required by Rule 9(b). *See Anderson*, 221 F.R.D. at 255 (dismissing negligent misrepresentation claim as insufficiently pled where plaintiff made blanket allegations that "defendants as a group 'misrepresented or withheld material and significant facts'"); *Simms v. District of Columbia*, 699 F. Supp. 2d 217, 226-27 (D.D.C. 2010) (dismissing negligent misrepresentation claim as insufficiently plead where the plaintiff "present[ed] no facts other than general statements as to the who, what, where, and when of the statements allegedly made by [the defendant]").   Plaintiffs' CPPA claim undoubtedly fails to meet the requisite pleading standard and, therefore, Count I must be dismissed.

---

[3] In fact, none of the allegations to which the Court is directed contain the word "both" – the allegations are just as generic and nondescript as the rest of Plaintiffs' Complaint.

4.     **Plaintiffs' Attempt To Re-Plead Their Fraudulent And Negligent Misrepresentation Claims, While Ignoring Their Obligation To State Such Claims With Particularity, Warrants Dismissal Of Counts II And III.**

As Defendants' Motion explains, Plaintiffs' fraudulent and negligent misrepresentation counts each fail to state a plausible claim because there is no factual basis or duty alleged independent of the parties' Contract, nor is any other element of those claims pleaded with particularity.  Mot. at 7-10.  In response, Plaintiffs again point to the Disclosure Statement which, as explained in Part 2 above (and *see* Ex. 1 hereto at Seller's Disclosure Statement, p.3), contradicts Plaintiffs' allegations and cannot serve as the basis for a claim of misrepresentation. Furthermore, similar to Plaintiffs' attempt to redefine the basis for its CPPA claim, Plaintiffs' attempt to prop-up its fraudulent misrepresentation claim using the Disclosure Statement is inappropriate.  *See* Opp. at 10-11.  As pleaded, Plaintiffs' fraudulent misrepresentation claim is not based on the Disclosure Statement.  *See* Compl. ¶¶ 36-40.

Ultimately recognizing that Plaintiffs' misrepresentation claims are based on nothing more than the same allegations underlying the breach of contract action, Opp. at 11, Plaintiffs attempt to resurrect their duplicative claims by arguing that the District of Columbia recognizes a cause of action for "promissory fraud."  *Id*.  But whether the District recognizes such an action is irrelevant.  Plaintiffs have not asserted a cause of action for promissory fraud, nor have Plaintiffs alleged the requisite elements for such a claim.  Again, Plaintiffs' attempt to re-plead their claims through their Opposition should be rejected.  Defendants should not be required to respond to moving targets as a result of Plaintiffs' failure to plead sustainable causes of action in the first instance in their Complaint.

In responding to the fact that Plaintiffs failed to allege what they supposedly gave up as a result of the alleged fraudulent misrepresentation above and beyond any contracted-for benefit, Plaintiffs claim they "purchased property that was not as valuable as they believed it would be."

8

Opp. at 12.  Plaintiffs have not explained, nor can they, how this purported loss could possibly

constitute independent injury beyond Plaintiffs' mere contractual disappointment.  *See* Mot. at 8.

Without this essential element, Plaintiffs fraudulent misrepresentation claim under Count II must

be dismissed with prejudice.

Furthermore, Plaintiffs' bare assertion that they satisfied Rule 9(b) through "use of the

plural form of the word defendant" is baseless as stated above.  Plaintiffs' generalized allegations

are the epitome of insufficiently pleaded allegations—the type of mud-slinging that Rule 9(b) is

intended to protect against.  *Slinski*, 981 F. Supp. 2d at 32.  This is especially true in light of

Plaintiffs' wholly improper claim, based on others' unsubstantiated allegations and material

outside the Complaint, that Defendants are "swindle[rs]" or scammers.  *See* Opp. at 3, n.1.

Plaintiffs have not raised a single allegation against either Defendant individually or with the

specificity required by Rule 9(b).  Lacking a good faith basis to make such allegations, Plaintiffs

should not be permitted to hide behind "the plural form of the word defendant."[4]

**5.      Plaintiffs' Failure To Allege Causation And Damages In Support Of Their Breach Of Contract Claim Cannot Be Remedied By Their Attempt To Re-Plead Some Vague And Disconnected Injury In Their Opposition.**

Plaintiffs' Complaint failed to allege any damages in support of their breach of contract

claim. Mot. at 10.  While Plaintiffs allege they "have demanded that defendants correct these

[alleged] breaches but received no response," Plaintiffs' request to cure is by no means

synonymous with causation and damages.  *See id.*  Apparently conceding their failure to plead

the elements of a breach of contract claim in their Complaint, Plaintiffs now argue that they have

adequately alleged damages in the form of "missed time from work" and "loss of income in

---

[4] Plaintiffs' argument, based on cases outside the District, that Rule 9(b) does not apply to claims of negligent misrepresentation is similarly unavailing.  *See* Opp. at 13.  The law in the District is clear that claims of negligent misrepresentation must be pleaded with particularity, and generalized references to "Defendants" do not satisfy this pleading standard.  Mot. at 9-10.

order to address the defects in the property."  Opp. at 15.  Again, Plaintiffs' attempt to re-plead

their claims in their Opposition is improper and cannot be sustained.  Even viewed in the light

most favorable to Plaintiffs, the Complaint alleges unspecified injury resulting from unspecified

defects.  Nowhere do Plaintiffs allege that these new forms of supposed damages were caused by

the Defendants' alleged breach of contract or that Plaintiff seeks these damages in connection

with their breach of contract claim.  Plaintiffs fail to make the allegations needed to plead a

plausible claim, and Count IV, therefore, must be dismissed.

6.      **Plaintiffs Provide No Authority Supporting Their Argument That Their Claim Of Breach Of The Implied Covenant Of Good Faith And Fair Dealing May Be Pleaded Alongside Duplicative Causes Of Action.**

Plaintiffs ignore the authority cited by Defendants which explains that Plaintiffs'

duplicative claim of breach of the implied covenant of good faith and fair dealing cannot co-exist

with an identical express contractual claim seeking the same relief.  Mot. at 11.  Instead,

Plaintiffs rely on *Sundberg* to argue that a party "can violate the covenant of good faith and fair

dealing based on misrepresentations or omissions that occurred after the sales contract is signed

but before the parties transfer title."  Opp. at 16.  *Sundberg*, however, does not stand for the

proposition that the covenant of good faith and fair dealing modifies the contract to provide

additional obligations.  At best, Plaintiffs suggest another basis for their contractual claim—that

they executed an addendum to the Contract with Defendants that Defendants did not fully

perform—yet again demonstrating the redundancy of their claims.[5]  Moreover, the issue is not

whether a claim of breach of the implied covenant *can* be based on any particular conduct, but

_____

[5] This Addendum—which Plaintiffs allege is integral to their claims and thus may be viewed on a Motion to Dismiss—provides no basis for a claim by Plaintiffs in any event. It states that "both seller and buyer agree that the actual move-in will not take place until final inspection has been complete by DCRA."  DCRA – who Defendants obviously have no control over – did not make the final inspection on December 11, 2014 as the parties anticipated. In breach of the Addendum, Plaintiffs moved in anyway and incredibly assert that Defendants breached the Addendum.  In fact, Plaintiffs breached the Addendum by moving in without the final inspection having been completed.

rather whether Plaintiffs are permitted to maintain a duplicative claim, based on identical facts, seeking indistinguishable relief. The law of the District is unambiguous that a claim of this sort cannot survive a motion to dismiss (Mot. at 11), and Plaintiffs have cited no authority to the contrary. Since Plaintiffs' claim for breach of the implied covenant of good faith of fair dealing does not state an independent cause of action, Count V must be dismissed with prejudice.

**7.** **The Parties' Contract Is Before The Court And Indisputably Exists And, Therefore, Dismissal Of Plaintiffs' Unjust Enrichment Claim Is Proper.**

In a meager attempt to save their unjust enrichment claim, which Plaintiffs concede cannot co-exist in the presence of an enforceable contract, Plaintiffs claim they are entitled to plead an unjust enrichment claim in the alternative. Opp. at 16-17. Although alternative theories are permissible when in fact there are alternative theories, it is neither necessary nor proper to allow alternative pleading where a copy of the agreement is before the Court and the Parties do not dispute the existence of a contract. *Plesha v. Ferguson*, 725 F. Supp. 2d 106, 112 (D.D.C. 2010) (dismissing unjust enrichment claim where subject contract was before the Court and Defendants did not dispute its existence). The parties' Contract has been properly placed before the Court, *supra* n.1, and its existence is not disputed. Therefore, Plaintiffs' unjust enrichment claim should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, based on the forgoing discussion and the arguments and authorities presented in Defendants' Motion, Plaintiffs' Complaint fails to state a claim upon which relief may be granted. Accordingly, Defendants respectfully request that the Court dismiss the Complaint against them with prejudice.

Dated: June 22, 2015                    Respectfully submitted,


                                        _____/s/ A. Scott Bolden_____
                                        A. Scott Bolden (D.C. Bar No. 428758)
                                        Michael B. Roberts (D.C. Bar No. 976409)
                                        REED SMITH LLP
                                        1301 K Street, N.W.
                                        Suite 1000 – East Tower
                                        Washington, DC 20005
                                        Phone: (202) 414-9200
                                        Facsimile: (202) 414-9299
                                        abolden@reedsmith.com
                                        mroberts@reedsmith.com

                                        *Counsel for Defendants Insun S. Hofgard and
                                        Jefferson S. Hofgard*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2015, a true and correct copy of the foregoing has been

filed with the Court's CM/ECF filing system which will provide notification to the following:

> Jonathan Zucker
> Patricia Daus
> 1350 Connecticut Avenue, NW
> Suite 202
> Washington, DC 20036
>
> *Counsel for Plaintiffs Brian Jacobson and Branko Jovanovic*

                    /s/ A. Scott Bolden
                    A. Scott Bolden (D.C. Bar No. 428758)
                    REED SMITH LLP
                    1301 K Street, N.W.
                    Suite 1000 – East Tower
                    Washington, DC 20005
                    Phone: (202) 414-9200
                    Facsimile: (202) 414-9299
                    abolden@reedsmith.com

                    *Counsel for Defendants Insun S. Hofgard and Jefferson S. Hofgard*