**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRIAN JACOBSON }<br>BRANKO JOVANOVIC }<br>   }<br>         Plaintiffs }<br>   }<br>v. }<br>   }<br>INSUN S. HOFGARD, et al. }<br>   }<br>         Defendants } | Case No.: 1:15-cv-00764APM |

## JOINT LOCAL RULE 16.3 REPORT

The parties, having conferred by telephone, hereby provide this Report to the Court in accordance with Local Rule 16.3(d).

1. <u>Plaintiff's Statement of the Case:</u>

On April 29, 2015, Plaintiffs filed a complaint in the Superior Court of the District of Columbia against the Defendants, Insun Hofgard and Jefferson Hofgard, in relation to the real property located at 238 Madison Street, NW, Washington, D.C. 20011.  In the lawsuit, the Plaintiffs seek compensatory damages, statutory damages including reasonable attorney's fees and punitive damages.  Plaintiffs have alleged a violation of the D.C. Consumer Protection Act (Count I), intentional misrepresentation (Count II), negligent misrepresentation (Count III), breach of contract (Count IV), breach of the covenant of good faith and fair dealing (Count V), negligence (Count VI) and unjust enrichment (Count VII). The statutory basis for Count I is D.C. Code § 28-3901 *et seq.*  On May 22, 2015 Defendants removed the case to federal court.

2. <u>Defendants' Statement of the Case:</u>

On May 22, 2015, the Defendants removed this action to this Court from the Superior Court for the District of Columbia, based upon Federal diversity jurisdiction.

Thereafter, on May 29, 2015 the Defendants field their Motion to Dismiss per Fed. R. Civ. P. 12(b)(6), and the Defendants' Motion is still pending as of the date of this Report.

In the event the Defendants' Motion is not granted, the Defendants will file their Answer to the Complaint, and they will also likely file a Third-party Complaint against the contractor identified in the Plaintiffs' Complaint.

In addition, pursuant to Local Rule 16.3(d), the parties state the following:

3. <u>Dispositive Motions</u>:  The Defendants' Motion to Dismiss is currently pending and briefed.

4. <u>Joinder of Parties/Amendment of Complaint/Narrowing of Issues</u>: The Defendant will likely file one or more Third-party Complaints if the case is not dismissed pursuant to their motion. **The inclusion of the third parties and appearance of additional attorneys may require a modification of the dates proposed herein.** The parties do not believe that the issues in the case can be narrowed further prior to discovery or trial.

5. <u>Magistrate</u>:  The parties consent to referral of the case to a Magistrate Judge for settlement purposes and/or discovery disputes.

6. <u>Possibility of Settlement/ADR:</u> The parties believe there is a realistic possibility of settling the case and wish to engage in early mediation. Consequently the parties are in agreement that, in the event the Defendants' Motion is denied, then in such case they wish to postpone formal discovery for a period of at least thirty (30) days after the termination of the settlement/mediation effort with a Magistrate Judge.

7. <u>Alternative Dispute Resolution:</u>  The Plaintiffs' goal is to be sufficiently compensated to bring the property into compliance with the District of Columbia building and zoning codes plus other related damages.  The Defendants do not admit any liability to the

Plaintiffs, but are nonetheless interested in attempting to resolve the case before additional costs and expenses are incurred in the discovery and litigation process. No settlement discussions have occurred yet. The parties believe that an early mediation/settlement conference/neutral evaluation could be helpful.

       8.     <u>Motions:</u>  The parties propose that any motion for summary judgment be filed thirty (30) days after the close of discovery; that the responding party shall also have thirty (30) days to file an opposition; and that twenty (20) days shall be allowed for any reply.

       9.     <u>Initial Disclosures:</u>  The parties agree to exchange the information required under Fed. R. Civ. P. 26(a)(1) within thirty (30) days of entry of a scheduling order in this case. In addition, the Parties will schedule a site-inspection of the Property for a date and at a time that is mutually convenient to the Parties and their experts, and without the need for a formal discovery request to enter upon the land.

      10.    <u>Discovery:</u>  As noted above the parties are in agreement that formal discovery shall be stayed for at least thirty (30) days after the termination of settlement efforts with a Magistrate Judge, so that the parties may attempt early mediation. The parties agree that discovery matters, including limitations placed on discovery, shall be governed by the Federal Rules of Civil Procedure. The parties agree that each party shall be limited to 6 depositions of fact witnesses per side plus deposition of all expert witnesses named. The parties agree that each party shall be limited to 25 interrogatories including all discrete subparts. The parties ask that the requests for production of relevant documents be unlimited. The parties also request that 180 days be granted for discovery. It is understood that one or both parties may seek leave from the Court to increase these limits at a future time.

11. <u>Experts:</u>  The parties propose that they be permitted to provide a status report to the Court at the termination of settlement efforts (if they are unsuccessful), and that a proposed schedule for the designation and disclosure of expert materials be provided at that time for the Court's review and approval. The parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts should apply.

12. <u>Class Actions</u>: N/A

13. <u>Bifurcation:</u>  Except as stated above, the parties do not believe that trial or discovery should be bifurcated or managed in phases.

14. <u>Pretrial Conference:</u>  The parties propose that a pretrial conference be set in conjunction with the post-settlement Status Report.

15. <u>Trial:</u>  The parties propose that the trial date be set at the final Pretrial Conference.

16. <u>Other Matters:</u>  N/A

Date: August 14, 2015                     Respectfully submitted,

 */s/ Jonathan Zucker*                       */s/ Howard S. Stevens*
  Jonathan Zucker                            Howard S. Stevens
  DC Bar No. 384629                          DC Bar No.466924
  37 Florida Avenue, NE                      PASCALE STEVENS LLC
  Suite 200                                  2700 Lighthouse Point E.
  Washington, DC 20002                       Suite 320
  Ph. (202) 624-0784                         Baltimore, MD 21224
   jonathanzuckerlaw@gmail.com               Ph. (443) 863-5758
  *Counsel for Plaintiffs*                   hstevens@pascalestevens.com
                                             *Counsel for Defendants*